# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **RODNEY R. WILKERSON**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-CV-00657-CLM** |
| | ) | |
| **SHERIFF JIMMY KILGORE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Rodney Wilkerson ("Wilkerson") sued Sheriff Jimmy Kilgore ("Kilgore") alleging that Wilkerson was subjected to "cruel and unusual punishment" and denied due process, among other constitutional violations, while detained in the Talladega County Jail. Doc. 1-1. Wilkerson sued Kilgore in state court, and Kilgore removed the case to this court, arguing that the court has federal question jurisdiction over the case because Wilkerson brought his claims under 42 U.S.C. § 1983.

For removal to be proper, this court must have subject matter jurisdiction, which may include federal question jurisdiction, over this case. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction exists if the plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of

the plaintiff's well-pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). And the court must resolve any doubts about removal in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

Here, Plaintiff's complaint does not specify whether he has alleged violations of the federal Constitution or the constitution of the State of Alabama. Plaintiff also does not state that he is bringing his claims pursuant to 42 U.S.C. § 1983, despite Defendant's contention to the contrary. So the court ordered Kilgore to show cause why the court should not remand this case for lack of jurisdiction. Doc. 3. According to Kilgore's response, federal question jurisdiction exists because Wilkerson uses "the common and usual words inmates use in legal documents" alleging federal constitutional rights. Doc. 5. Kilgore also asserts that jail condition claims based upon the Alabama Constitution are "unlikely and rare." Doc. 5.

Whether Wilkerson's claims would most often be brought under the federal constitutional is irrelevant. The facts are that Wilkerson filed this action in state court, did not explicitly bring his claims under the federal constitution (despite this court giving him that opportunity), and did not mention § 1983 at all. Doc. 3. So keeping in mind that any doubts about removal should be resolved in favor of remand, *see Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), the

court finds that it lacks subject matter jurisdiction in this case. The court will remand this case to the Circuit Court of Talladega County by separate order.

      **DONE** and **ORDERED** this July 2, 2021.

                                    _____

                                    **COREY L. MAZE**

                                    UNITED STATES DISTRICT JUDGE